**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLEGHENY CONSTRUCTION GROUP, INC., <br>     Plaintiff, <br><br> v. <br><br> WALSH HEERY JOINT VENTURE, <br>     Defendant. | CIVIL ACTION <br><br><br><br> NO. 18-4899 |

**MEMORANDUM**

**Joyner, J.**                 **December 30, 2019**

  Presently before the Court are Defendant's Motion for Summary Judgment, (Def. Motion for Summary Judgment, Doc. No. 12) and Plaintiff's Motion for Partial Summary Judgment, (Pl. Motion for Partial Summary Judgment, Doc. No. 13). For the reasons that follow, the Motions will be granted in part and denied in part.

**Factual Background**

  Plaintiff Allegheny Construction Group, Inc. ("ACG") brings claims against Walsh Heery Joint Venture ("WHJV"). (Pl. Complaint, Doc. No. 1.) Plaintiff alleges breach of contract and violation of Pennsylvania's Prompt Pay Act ("PPA") 62 Pa.C.S.A. § 3901, et seq. and brings claims, in the alternative, of unjust enrichment and quantum meruit. (Doc. No. 1.) Defendant moves for summary judgment on all claims, (Doc. No. 12), and Plaintiff moves for summary judgment on its claims for payment of the retainage, the backcharges pertaining to the laydown yard and

1

site clean-up, and relief under the PPA, (Doc. No. 13). Plaintiff seeks damages of at least $995,427.83, (Doc. No. 1 ¶18), remedies under the PPA, (Doc. No. 13-1 at 18), and relief through unjust enrichment, (Doc. No. 1 ¶33), and quantum meruit, (id. ¶36).

The following facts are undisputed: The Commonwealth Department of General Services ("DGS") hired Defendant to complete a construction project ("Project"). (See id. ¶¶5-6; Def. Statement of Undisputed Facts, Doc. No. 12-5 ¶1.) Defendant then entered into a subcontract with Plaintiff for a portion of the Project. (Doc. No. 1 ¶7; Doc. No. 12-5 ¶3.) The subcontract provides that Defendant may withhold from Plaintiff a three-percent retainage for Plaintiff's completed work until the Project is substantially complete. (Doc. No. 13-1 at 3; Doc. No. 12-5 ¶¶2-3.) Additionally, the subcontract contains a "pay-if-paid" clause providing that Defendant need not fully compensate Plaintiff until DGS pays Defendant. (Doc. No. 13-1 at 3; Doc. No. 12-5 ¶¶2-3.) The Project was delayed, (Doc. No. 13-1 at 2; Doc. No. 12-5 ¶6), and Defendant has not paid the retainage to Plaintiff, (Doc. No. 13-1 at 4; Doc. No. 15-5 ¶9).

Plaintiff claims that, according to DGS, Defendant is at least partially responsible for the delay. (Doc. No. 13-1 at 2.) Plaintiff contends that, because Plaintiff has satisfactorily completed its work under the subcontract and because Defendant,

2

not Plaintiff, caused the delay, Defendant has breached the subcontract and the PPA by refusing to pay the retainage to Plaintiff. (Id. at 17.)

Defendant avers that, because DGS has not yet paid Defendant, (Doc. No. 13-1 at 3; Doc. No. 15-5 ¶8), and because Defendant did not cause the delay, (Doc. No. 15-5 ¶7), Defendant is rightfully withholding the retainage from Plaintiff. (Doc. No. 15-1 at 2.)

Lastly, the parties dispute the proper retainage amount. (Doc. No. 13-1 at 4, 19-22; Doc. No. 15-1 at 14-15.)

## **Analysis**

### Jurisdiction

Subject matter jurisdiction in this case is proper under 28 U.S.C. § 1332(a)(1), as Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000. § 1332(a)(1). Because Defendant has litigated the merits of its claim without contesting personal jurisdiction, we may exercise personal jurisdiction over Defendant. See Richard v. U.S. Airways, Inc., 2011 WL 248446, at *1 (E.D. Pa. Jan. 26, 2011).

### Legal Standard

To obtain summary judgment, a movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Disputes about "material" facts are those that "might affect the

outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A "genuine" dispute exists if the non-movant establishes evidence "such that a reasonable jury could return a verdict" in their favor. Id.

Once the movant meets its initial burden, the nonmoving party must then "go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)) (internal citations omitted) (emphasis omitted).

"The court must review the record 'taken as a whole.'" Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150 (2000) (quoting Matsushita, 475 U.S. at 587)). At summary judgment, we must view the evidence and draw all inferences "in the light most favorable to the party opposing the motion." Matsushita, 475 U.S. at 587 (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)). See also Horsehead Indus., Inc. v. Paramount Commc'ns, Inc., 258 F.3d 132, 140 (3d Cir. 2001).

Still, the non-movant must show more than "[t]he mere existence of a scintilla of evidence in support of . . . [the non-movant's] position" to defeat a motion for summary judgment. Anderson, 477 U.S. at 252. To survive summary judgment, the specific facts set forth by the non-movant must require resolution "only by a finder of fact because they may reasonably

4

be resolved in favor of either party." Id. at 250. The non-movant "may not rest upon the mere allegations or denials of the . . . pleading; its response . . . must set forth specific facts showing that there is a genuine issue for trial." Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001) (internal quotations omitted).

## Count I – Breach of Contract

I. **Pay-if-Paid Clause**

   a. **Collateral Estoppel**

   In a prior case involving similar facts and the same Defendant as here, a subcontractor plaintiff sued Defendant for failing to pay a retainage. Connelly Constr. Corp. v. Travelers Cas. & Sur. Co. of Am., 2018 WL 3549281, at *1 (E.D. Pa. July 24, 2018). Defendant argued that Defendant was not obligated to pay the subcontractor plaintiff because DGS had not yet paid Defendant. Id. at *3. The Court held that the prevention doctrine precluded Defendant from relying on a paid-if-paid clause because Defendant's performance was at least partially responsible for DGS' decision to withhold payment. Id. at *4.

   Here, Plaintiff argues that collateral estoppel precludes Defendant from relying on the prevention doctrine in this case.

   b. **Prevention Doctrine**

   Though a pay-if-paid clause creates a condition precedent to payment, a party that frustrated occurrence of the underlying

5

payment may not rely on a pay-if-paid clause to avoid its payment obligation. See id. at *3; Quinn Constr., Inc. v. Skanska USA Bldg., Inc., 730 F. Supp. 2d 401, 421 (E.D. Pa. 2010).

Though deliberate frustration certainly bars reliance on a pay-if-paid clause, inadvertent acts can sometimes constitute frustration precluding reliance on the clause. Connelly, 2018 WL 3549281, at *4 ("[T]he Court concludes that inadvertently preventing the satisfaction of the condition precedent . . . is enough to trigger the prevention doctrine."); Quinn, 730 F. Supp. 2d at 421. See also Apalucci v. Agora Syndicate, Inc., 145 F.3d 630, 634 (3d Cir. 1998).

In correspondence from DGS to Defendant, DGS highlighted concerns about Defendant's performance and indicated that Defendant's deficiencies contributed to delaying the Project. (Doc. No. 13, Ex. B, December 22, 2016 DGS Letter; Doc. No. 13, Ex. C, January 18, 2017 DGS Letter.) The record sufficiently establishes that Defendant was at least partially responsible for the Project delay. (Doc. No. 13, Exs. B, C; id., Ex. D, McGinty Dep. Tr. 25:18-26:3, 36:6-13.) See also Connelly, 2018 WL 3549281, at *2. Thus, the prevention doctrine bars Defendant from relying on the pay-if-paid clause in this case.

Therefore, we need not address whether collateral estoppel precludes Defendant from relying on the pay-if-paid clause in this proceeding.

## II. Laydown Yard Backcharge

The parties agree that the contested laydown yard backcharge is for the cost of remediating the laydown yard. (Doc. No. 13-1; Doc. No. 15-1 at 5.) The parties also agree that Plaintiff did not perform the laydown yard work. (Doc. No. 13-1 at 20-21; Doc. No. 15-1 at 5.) The parties do not assert that Plaintiff was ultimately responsible for performing the laydown yard remediation. (See Doc. No. 15-1 at 14.) Instead, it appears that the size of the project increased and that DGS accepted the Project without requiring completion of the laydown yard remediation and that, therefore, Plaintiff was relieved of its obligation to complete the laydown yard work. (Doc. No. 13-1 at 20; Doc. No. 15-1 at 5.) Plaintiff and Defendant agree that the retainage should not include payment for the undone laydown yard work. (Doc. No. 13-1 at 20-21; Doc. No. 15-1 at 5.)

However, the parties disagree on whether Defendant has already compensated Plaintiff or otherwise accounted for the uncompleted laydown yard remediation and, thus, whether Defendant should adjust the retainage to reflect remuneration for the laydown yard subproject. (Doc. No. 13-1 at 21; Doc. No. 15-1 at 5.) Plaintiff asserts that Defendant, in calculating the

7

retainage payment, should not reduce the retainage to factor in a laydown yard payment because, Plaintiff avers, Defendant has not compensated Plaintiff for the laydown yard remediation. (Doc. No. 13-1 at 21.) In calculating the retainage, Defendant claims a credit, or deduction, measured by what Defendant would have paid Plaintiff had Plaintiff completed the laydown yard remediation. (Doc. No. 15-1 at 5.) Specifically, Defendant argues that, to avoid paying Plaintiff for work that Plaintiff did not perform, Defendant "is deducting from any funds due to Allegheny a credit for the work," (id.), and that Plaintiff "owes a credit for the work that was not performed," (id. at 14).

We find that there is a material dispute of fact as to whether Defendant has already compensated Plaintiff for the uncompleted layback yard remediation. (Doc. No. 13-1 at 21; Doc. No. 15-1 at 5.) Thus, because factual issues preclude determining whether the retainage payment should factor in the layback yard subproject, we deny both Defendant's and Plaintiff's summary judgment motions as to the laydown yard backcharge.

### III. Clean-Up Backcharge

The subcontract requires subcontractors to keep the worksite clean and authorizes Defendant to assess clean-up costs if a subcontractor fails to begin cleaning the site within

twenty-four hours after Defendant provides written notice to the subcontractor that the subcontractor is out of compliance with the clean-up provision. (Doc. No. 13, Ex. A, Art. 6.4, Subcontract.)

Though Defendant eventually charged Plaintiff for clean-up costs, (Doc. No. 13, Ex. O, February 11, 2015 Letter from Defendant), it is unclear whether Defendant properly notified Plaintiff of Plaintiff's purported noncompliance before assessing charges. (Doc. No. 13-1 at 21-22; Doc. No. 15-1 at 6; Doc. No. 13, Ex. O.)

We find that there is a material dispute of fact over whether Defendant provided notice to Plaintiff specifically before assessing the clean-up backcharge. (Doc. No. 13-1 at 22; Doc. No. 15-1 at 6; Doc. No. 13, Ex. O.) Thus, we deny the summary judgment motions as to the clean-up backcharge.

**IV. Breach of Contract Elements**

Under Pennsylvania law, the elements for a breach of contract action are: (1) "'the existence of a contract . . . ; (2) a breach of duty imposed by the contract; and (3) resultant damages.'" <u>Kenneth Hantman, Inc. v. Whiting-Turner Contracting Co.</u>, 2008 WL 4072591, at *6 (E.D. Pa. Sept. 2, 2008); <u>Church v. Tentarelli</u>, 953 A.2d 804, 808 (Pa. Super. 2008).

Here, it is undisputed that there is a subcontract. (Doc. No. 1 ¶7; Doc. No. 13, Ex. A; Doc. No. 12-5 ¶3.) Additionally,

the subcontract imposed on Defendant a duty to pay the retainage to Plaintiff, and Defendant has failed to pay the retainage for Plaintiff's performance. (See Doc. No. 13-1 at 4; Doc. No. 15-5 ¶9.) Thus, Defendant has breached its duty under the subcontract as to Plaintiff's completed work. Because we find material disputed issues as to the backcharges, as discussed above, we decline to decide at the summary judgment stage whether Defendant has breached its payment duty surrounding the disputed backcharges.

As to damages, though the parties disagree on the amount of backcharge owed, (Doc. No. 13-1 at 21-22; Doc. No. 15-1 at 5, 6), the parties agree that Defendant has not paid the retainage, (Doc. No. 13-1 at 4; Doc. No. 15-5 ¶9).

Thus, setting aside the disputed backcharges, Defendant has breached the subcontract as to the retainage for Plaintiff's completed work. Accordingly, we deny Defendant's Motion for Summary Judgment on Count I. We grant Plaintiff's Motion for Partial Summary Judgment on the breach of contract claim but deny Plaintiff's Motion as to the disputed backcharges.

<u>Count II - Violation of the PPA 62 Pa. C.S.A § 3931, et seq.</u>

**I.   Whether Defendant Violated the PPA**

As is relevant here, the PPA applies to construction contracts and subcontracts for projects by Pennsylvania governmental agencies, <u>Glass Artistry Architectural Glass &</u>

10

Metal, LLC v. W. Sur. Co., 2010 WL 331701, at *8 (E.D. Pa. Jan. 27, 2010), such as DGS.

The PPA requires a contractor to pay a subcontractor upon performance by the subcontractor. See § 3931(b); § 3933; Glass, 2010 WL 331701, at *8. Courts may find that a defendant violated the PPA as to some, but not all, of a contested payment. See Glass, 2010 WL 331701, at *11 (finding that the contractor violated the PPA as to some, but not all, of the payment allegedly due to the subcontractor).

Here, it is undisputed that Defendant has not fully compensated Plaintiff for performance of the subcontract. (Doc. No. 13-1 at 3-4; Doc. No. 12-5 ¶9.) Thus, regarding the work aside from the backcharges, we find no disputes of material facts as to PPA liability. Accordingly, we hold that Defendant has violated the PPA. Because there are material disputes of fact as to the backcharges, we decline to determine at the summary judgment stage whether Defendant has violated the PPA regarding the disputed backcharges. See Glass, 2010 WL 331701, at *11.

**II. Interest, Penalties, and Attorney Fees Under the PPA**

Under the PPA, the Court may grant interest, penalties, and attorney fees. See § 3933(d); § 3935; Glass, 2010 WL 331701, at *8-9; Trinity Contracting, Inc. v. Mun. Sewage Auth. of Twp. of Sewickley, 2015 WL 8776568, at *4 (Pa. Commw. Ct. Dec. 15,

2015). We grant a hearing to determine whether interest, penalties, and attorney fees are appropriate in this action.

According, we grant Plaintiff's Motion as to liability under the PPA and deny Defendant's Motion as to PPA liability. We deny both summary judgment motions as to interest, penalties, and attorney fees under the PPA.

## Count III - Unjust Enrichment

Under Pennsylvania law, a Court may not find unjust enrichment when an express contract governs the parties' relationship. See Meksin v. Glassman, 2019 WL 2183809, at *4 (Pa. Super. Ct. May 21, 2019) ("'[I]t has long been held in this Commonwealth that the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract . . . .'") (alteration in original).

Here, it is undisputed that the subcontract covers the parties' relationship. (Doc. No. 12-5 ¶3; Doc. No. 13-1 at 3; Doc. No. 13, Ex. A.) Thus, we deny Plaintiff's Motion and grant Defendant's Motion as to Count III.

## Count IV - Quantum Meruit

Under Pennsylvania law, quantum meruit is unavailable when a contract establishes the value of the services provided under the contract. First Gen. Const. Corp. v. Kasco Const. Co., 2011 WL 2038542, at *2 (E.D. Pa. May 24, 2011) ("[W]here an express

12

contract governs the relationship of the parties, a party's recovery is limited to the measure provided in the express contract; and where the contract fixes the value of the services involved, there can be no recovery under a quantum meruit theory.") (internal quotations omitted).

Here, the subcontract contains numerous payment provisions that govern the value of services provided under the subcontract. (Doc. No. 13, Ex. A, Art. 3.) Thus, Plaintiff cannot recover under a quantum meruit theory. As to Count VI, we deny Plaintiff's Motion for Partial Summary Judgment and grant Defendant's Motion for Summary Judgment.

## Conclusion

We deny Defendant's Motion for Summary Judgment on Count I and Count II and grant said Motion as to Counts III and VI. We deny Plaintiff's Motion for Partial Summary Judgment as to Count I on the disputed backcharges but otherwise grant Plaintiff's Motion as to Count I. We grant Plaintiff's Motion for Partial Summary Judgment as to Count II on PPA liability. We deny Plaintiff's Motion for Partial Summary Judgment as to Counts III and VI. We grant a hearing to determine the appropriate amount of damages and whether, under the PPA, interest, penalties, and attorney fees are proper. An appropriate Order follows.